**Margie GREGORY, Plaintiff-Appellant,**

v.

**Melvin GREGORY,
Defendant-Respondent.**

**No. 9899.**

Missouri Court of Appeals,
Springfield District.

June 30, 1975.

Dean S. Johnston, Joplin, for plaintiff-appellant.

Vernie R. Crandall, Frieze, Crandall & Crawford, Carthage, for defendant-respondent.

BILLINGS, Chief Judge.

Plaintiff Margie Gregory, former wife of defendant Melvin Gregory, has perfected this appeal from an adverse judgment of the Circuit Court of Jasper County. Plaintiff sought to recover a sum claimed to be due from the defendant under an agreement entered into by the parties prior to their 1973 divorce. The trial court ruled the agreement was void and denied plaintiff's claim. We reverse and remand.

Plaintiff's amended petition was filed in July of 1974 and alleged:

"1. That Plaintiff and Defendant were husband and wife and in 1973 she filed an action for divorce against Melvin Gregory. That prior to the divorce hearing various discussions were had between Plaintiff and Defendant concerning terms of property settlement. That in consideration for obtaining said divorce Defendant agreed to

pay Plaintiff $65.00 per month child support for their one child, the balance of a note secured by a deed of trust on Plaintiff's residence . . . and to deed Plaintiff Plaintiff's residence.

"2. That on July 12, 1973, Plaintiff obtained a divorce from Defendant in the Circuit Court of Jasper County, Missouri, at Joplin under Case No. 67155. That at that time Defendant deeded said property to Plaintiff and Defendant made payments on the mortgage until January, 1974, when he advised Plaintiff that he was not going to make further payments and he also advised Plaintiff's attorney to the same effect. Defendant has made the agreed child support payments.

"3. That on January 1, 1974, the balance due on said mortgage was $4,105.60.

"4. That Defendant's refusal to make further payments and statements that he was not going to make further payments is anticipatory breach of his contract to pay.

"5. Plaintiff states that a bilateral contract existed between the parties and that she performed her part of the contract by obtaining the divorce from Defendant so that he might be free to remarry and that Defendant partially performed his part of said bilateral contract in making some payments on the mortgage, in deeding the property to Plaintiff and paying child support payments."

The prayer of the petition was for judgment for the balance due on the mortgage and by subsequent amendment asked for interest on said sum from January 1, 1974.

The defendant's answer denied the allegations in paragraphs 1, 2, 4 and 5 of the petition, disclaimed knowledge as to the amount due as stated in paragraph 3, and further plead as follows:

"Further answering, defendant states that assuming the allegations of the petition to be true relative to an agreement to make payments on real estate said alleged agreement was without consideration and thereby voidable, and that any such agree-ment if made would have been a collusive agreement in violation of plaintiff's affidavit filed with her petition for divorce. Defendant further states that said agreement, if in fact such an agreement was made, would be void as against public policy."

The transcript filed herein reflects the parties and their attorneys appeared for trial of the issues raised by the foregoing pleadings; but, contrary to the judgment recital that the court heard evidence, no evidence was offered by either party. Rather, in an obvious effort to delineate the issues, the trial judge inquired of counsel what matters could be stipulated by the parties. A colloquy between the attorneys, neither of whom represented the parties when the agreement was made and divorce obtained, and the court ensued.

From the seven and one-half pages of the transcript embracing the colloquy and the parties' statements in their briefs, we are able to glean the following "facts". The parties had been separated for approximately five years prior to July of 1973, and during this period the husband had been living with another woman. The husband, a nonresident, wanted a divorce in order to remarry and consulted a Neosho attorney.

Thereafter, both husband and wife went to this attorney's office where there were discussions concerning child support payments, deeding the family residence to the wife, and the husband paying off the lien against the property. Because of the husband's nonresidency he signed a written entry of appearance, and the divorce suit was initiated by the attorney with the wife as plaintiff. Default divorce proceedings followed the same day. The husband executed a deed to the wife and paid the attorney's fee. Two days after the divorce the husband married the other woman. The husband paid the monthly installments on the mortgage until January 1, 1974, and he has made the child support payments since the divorce.

We have read and re-read the remarks, statements and conclusionary assumptions

of the parties' attorneys of what the alleged agreement was, what was intended, and the circumstances surrounding its making, and continue to be of the opinion there was simply no evidence before the trial court for a proper determination of the issues between the parties. Without some evidence, neither a judgment for the plaintiff on her claim nor for the defendant on his defense could stand.

In their briefs both parties refer to "stipulated facts", and we can only assume they are treating, to some extent, the colloquy referred to as a stipulation of facts upon which a judgment could be based. The difficulty inherent in such an assumption is that, in their discussion of the alleged agreement and circumstances giving rise thereto, the attorneys for the parties continually qualified their respective positions by what they "thought", "supposed", or "assumed." Examples: "I think that was it"; "I think that is the way it occurred"; "That is the way I understand it"; "I am assuming".

We do not know from the record below what transpired between the parties insofar as any agreement is concerned. Neither do we know whether the alleged agreement was formalized in writing, mentioned in the divorce proceedings, or approved in any fashion by the divorce court. The preliminary discussions between the parties, if any, looking to a settlement of property rights, are unknown to us. In short, the transcript discloses a complete lack of evidence. The colloquy of counsel and court does not rise to the dignity of evidence, and the judgment is wholly without support.

It is evident that neither the plaintiff nor the defendant has presented all the available evidence to establish the claim or the defenses thereto. In the interests of justice we deem it necessary to reverse and remand this cause for a new trial. *Anderson v. Dyer*, 456 S.W.2d 808 (Mo.App.1970) and cases cited therein at 815. In so doing, we repeat what we had occasion to say in *Anderson v. Dyer, supra* at 815: "[W]e sound this caveat for the benefit of the trial judge and counsel: nothing we have said is to be considered as a suggestion as to how the issue and defenses should be decided—the determination of these matters is a task to be executed by the court nisi upon whatever the pleadings and evidence may be at the new trial."

The judgment is reversed and the cause is remanded for a new trial.

All concur.