**Tina Marie HIHN, Respondent,**

v.

**Joseph Alexander HIHN, Appellant.**

**No. ED 89195.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 9, 2007.

Nelson B. Rich, St. Louis, MO, for appellant.

Jody H. Wolff, Clayton, MO, for respondent.

NANNETTE A. BAKER, Judge.

### Introduction

Joseph Alexander Hihn ("Father") appeals a judgment from the Circuit Court of St. Louis County denying his motion for summary judgment, motion to quash, motion seeking the payment of funds received and request for attorney's fees. The judgment also awarded to Tina Marie Hihn ("Mother"), $2,400.00 in attorney's fees. We affirm in part, and reverse and remand in part.

### Factual and Procedural Background

Mother and Father were married and had two children, Michelle Hihn ("Michelle") and Kelly Hihn ("Kelly"), before

their marriage was dissolved on November 14, 2001. At time of the dissolution, Michelle was fourteen years old and Kelly was five years old. In the decree of dissolution, the trial court ordered Father: (1) to pay support for the two children in the amount of $700.00 per month; and, (2) in the event that child support was owed for only one child, to pay $400.00 per month. The trial court based its determination on Mother's income of $3,167.00 per month and Father's income of $3,724.00 per month. Father paid the ordered child support until he became disabled and, as a result, eligible for Social Security benefits.[1] Because of Father's disability, the Social Security Administration started paying benefits, in the amount of $912.00, to Father's children.

On January 12, 2006, the Division of Child Support Enforcement ("DCSE") filed an Order/Notice to Withhold Income for Child Support ("Wage Assignment"), in the sum of $350.00 per month, against the benefits being received by Father. The DCSE remitted the $350.00 it collected to Mother on a monthly basis. On July 27, 2006, Father filed a motion to quash the wage assignment ("Motion to Quash").[2] In Father's Motion to Quash, Father alleged that Mother wrongfully filed the January 12, 2006 wage assignment. Father petitioned the trial court to quash the wage assignment, order Mother to reimburse Father for funds wrongfully collected under the wage assignment and to award Father reasonable attorney's fees. On August 31, 2006, Mother filed a Motion for Attorney's Fees arguing that an award of attorney's fees was warranted because

Mother did not file the wage assignment Father was challenging. On September 7, 2006, Father filed his First Amended Motion to Quash Wage Assignment, which sought the same relief as the original motion to quash but also joined the DCSE as a party. On September 26, 2006, the DCSE terminated the wage assignment. On October 3, 2006, the DCSE filed a Response to Father's First Amended Motion to Quash Wage Assignment and a Motion to Dismiss Party. In its response, the DCSE admitted all of Father's allegations but claimed that since it had already terminated the wage assignment and had remitted all funds collected to Mother, it should be dismissed as a party because it could not provide Father with any further relief. On October 5, 2006, the DCSE was dismissed as a party and Mother renewed her Motion for Attorney's fees. Father filed a Motion for Summary Judgment on October 6, 2006, claiming that there were no genuine issues that the wage assignment was wrongfully instituted and that he was entitled to judgment as a matter of law. Mother filed a Response and Memorandum of Law in Opposition on November 2, 2006.[3]

On November 9, 2006, Mother filed an Amended Motion for Attorney's Fees. On that same day, the trial court entered a judgment, which is the subject of this appeal, denying: (1) Father's Motion for Summary Judgment; (2) Motion to Quash; (3) Motion Seeking the Payment of Funds Received; and (4) request for attorney's fees.[4] The trial court granted Mother $2,400.00 in attorney's fees.[5] Father appealed.

---

1. The facts do not establish when father became disabled.

2. Father simultaneously filed a Motion to Modify, which he later dismissed

3. Mother did not file a cross-motion for summary judgment or motion to dismiss

4. Though designated as motions, 2, 3, and 4 were actually the relief sought by Father in his motion to quash.

5. The entire trial court order reads: "Respondent's Motion for Summary Judgment called, heard and denied. Respondent's Motion to Quash is moot pursuant to the State's re-

### Standard of Review

Our review of a trial court's judgment is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or the trial court erroneously declared or applied the law. *In re E.T.C.*, 141 S.W.3d 39, 45 (Mo.App. E.D.2004).

### Discussion

In his first point on appeal, Father claims that the trial court erred in denying his Motion for Summary Judgment on his Motion to Quash the wage assignment because there were no genuine issues of material fact or law and he was entitled to judgment as a matter of law.

 The law is abundantly clear that the "denial of a motion for summary judgment is not subject to appellate review, even when an appeal is taken from a final judgment and not from the denial of a motion for summary judgment." *Gilmore v. Erb*, 900 S.W.2d 669, 671 (Mo.App. E.D. 1995) (Citing to *State v. Sure–Way Transp. Inc.*, 884 S.W.2d 349, 351 (Mo. App.W.D.1994)). Father's first point unequivocally challenges the denial of his summary judgment motion. Therefore, we will not review this point. Point I is denied.

In his second point, Father claims that the trial court erred in not conducting a trial and allowing him to present evidence on his Motion to Quash the wage assignment and request for attorney's fees before denying him relief. Father claims this was in violation of Rule 74.04(d).[6,7] Mother responds that, on the contrary, the trial court reviewed the parties' pleadings and heard lengthy oral arguments between the parties before rendering its decision.

 As a preliminary matter, we agree with the trial court's determination that Father's motion to quash, to the extent that it sought to quash the wage assignment, was rendered moot by the DCSE's cancellation of the wage assignment order. "A threshold question in any appellate review is the mootness of the controversy." *State ex rel. Reed v. Reardon*, 41 S.W.3d 470, 473 (Mo. banc 2001) *quoting Armstrong v. Elmore*, 990 S.W.2d 62, 64 (Mo.App. W.D.1999). "It is settled law that the courts of this State do not decide moot cases." *Kinsky v. Steiger*, 109 S.W.3d 194, 195 (Mo.App. E.D.2003). "Because mootness implicates the justiciability of a case, we may dismiss a case for mootness *sua sponte*." *Reed*, 41 S.W.3d at

sponse to Respondent's Motion to Quash which states the wage withholding the State filed was dismissed as of September 26, 2006. Respondent's Motion to Quash, Motion Seeking the Payment of Funds Received pursuant to the state's wage withholding is denied. Respondent's request for attorney's fees is denied. Petitioner's Motion for Attorney's Fees is granted. Judgment shall enter in favor of Jody Wolff and Associates and against Joseph A. Hihn in the sum of $2,400.00."

**6.** All rule references are to the Missouri Supreme Court Rules

**7.** Rule 74.04(d): If on motion under this Rule 74.04 judgment is not entered upon the whole case or for all the relief asked and a trial is necessary, the court by examining the pleadings and the evidence before it, by interrogating counsel, and by conducting a hearing, if necessary, shall ascertain, if practicable, what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. The court shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

473. "When an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed." *Id.*

In *Cross v. Cross,* we said that it is impossible for us to grant effective relief where there is no actual controversy. *Cross v. Cross,* 815 S.W.2d 65, 66 (Mo.App. E.D.1991). The appellant in *Cross* had appealed an order quashing an assignment, but had voluntarily withdrawn the assignment upon which the appeal was based. *Id.* As a result, we found the issue to be moot. *Id.* Likewise, in the present case, the DCSE voluntarily terminated the wage assignment order before the trial court ruled on Father's summary judgment motion.[8] This extinguished the wage assignment and with it, any controversy regarding the motion to quash the wage assignment. With no order to quash, we cannot grant an effective relief and as a result, reviewing the trial court's decision in this regard would be unnecessary. The trial court properly denied the motion to quash the wage assignment as moot.

▮▮▮ After denial of the Motion for Summary Judgment, however, the issues regarding the reimbursement of funds collected under the wage assignment and Father's request for attorney's fees still remained. At that point, the case had not been fully adjudicated and a trial was necessary to resolve those issues.[9] But the trial court failed to conduct a trial.

Therefore, we find that the trial court's judgment is not supported by any evidence and must be reversed. See *Gregory v. Gregory,* 525 S.W.2d 793 (Mo.App.Springfield, 1975). In *Gregory,* a divorced wife brought an action against her former husband to enforce a pre-divorce agreement. The Circuit Court ruled the agreement void and denied the wife's claim. *Id.* at 795. The Court of Appeals held that, where no trial was held and the transcript merely contained colloquy of counsel, which presented no evidence for consideration on appeal, evidence for the trial court's judgment was lacking and the cause would therefore be remanded for new trial. *Id.*

In the case before us, Father claims that after the denial of the summary judgment, the trial court entered its judgment without making any findings or holding a trial. The minutes of the trial court clearly states that: "RESPONDENT(S) # 1 JOSEPH ALEXANDER HIHN JR AMENDED MOTION TO QUASH WAGE ASSIGNMENT (FIRST) (MOTION # 8) WITHOUT TRIAL DENIED." This clearly supports Father's contention that no trial was conducted before the trial court entered its judgment. Father also claims that he was not allowed

---

8. Though the termination in the present case was done by the DCSE, the effect is the same in that there is no assignment that would be affected by appellate review.

9. Rule 74.04(d) requires the trial court to "ascertain if practicable," the controverted and uncontroverted material facts and make an order specifying the uncontroverted facts. Rule 74.04(d) is designed to isolate disputed facts so as to facilitate trial of a case. *M & P Enterprises, Inc. v. Transamerica Financial Services,* 944 S.W.2d 154, 162 (Mo.,1997). The record before us is devoid of any evidence that the trial court fulfilled the requirement of Rule 74.04(d). There is no indication in the record that the trial court conducted a hearing, interrogated counsel or entered an order specifying what facts were controverted or uncontroverted. The language of the trial court's judgment is lacking both in substance and form and there is nothing in the judgment to indicate that the trial court followed the mandate of rule 74.04(d) or made a finding that any of the requirements were unnecessary. See Rule 74.04(d). Therefore, we find that the trial court erred in not following the mandate of rule 74.04(d).

to present any evidence before the trial court's entry of judgment. Indeed, the record on appeal fails to show that any evidence was presented to the trial court so we must presume that no evidence was presented. *Swallows v. Holden,* 723 S.W.2d 576, 578 (Mo.App. S.D.1987). Without any evidence to support the trial court's judgment, we deem it necessary to reverse and remand for a new trial.

▮ Father claims in his third and final point that the trial court failed to consider the parties' financial resources and to make a determination that attorney's fees were necessary or proper before awarding Mother $2400.00 in attorney's fees. In response, Mother asserts that the court had both parties' financial information in the court files and Father's case was without merit, therefore attorney's fees were warranted and properly awarded.

▮ Both parties cite to Section 452.355 to support their positions. Section 452.355 provides in relevant part that: "Unless otherwise indicated, the court from time to time after considering all relevant factors including the financial resources of both parties, the merits of the case and the actions of the parties during the pendency of the action, may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding." We will only reverse an award of attorney's fees upon a showing of abuse of discretion. *Goins v. Goins,* 224 S.W.3d 69, 72 (Mo.App. E.D.2007) (Citing *Abbott v. Perez,* 140 S.W.3d 283, 296 (Mo. App. E.D.2004)). To demonstrate an abuse of discretion, the complaining party must show the trial court's decision was against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice. *Id.*

Father alleges that Mother did not furnish the trial court with her current income and expense statement or property statement and that there was no testimony adduced as to the state of her financial affairs. The record contains some current financial information with regard to Father, but the only financial information in the record regarding Mother was the financial statement she filed six years ago in the original dissolution action. At an October 5, 2006, hearing on the issue of Mother's attorney's fees, the trial court stated that it was "taking judicial notice of its court file and notes that, having gone through the file, that there are income and expense statements of both parties." At the same hearing, the trial court also noted that it would consider "all the other relevant factors as to the reasonableness of attorney's fees et cetera." However, Mother's attorney admitted at that hearing that she had not filed any financial information regarding her client and the record fails to apprise the court of what the "relevant factors" to be considered by the court were and how they influenced the court's award of attorney's fees to Mother.

▮ We cannot say that the trial court properly exercised its discretion in awarding Mother attorney's fees. While it is true that a judge is an expert on attorney's fees, an award of attorney's fees and expert's costs must be supported by competent and substantial evidence. *Tepper v. Tepper,* 763 S.W.2d 726 (Mo.App. E.D. 1989) (*citing Trapani v. Trapani,* 686 S.W.2d 877, 879 (Mo.App.1985)). An award of attorney's fees will be affirmed on appeal unless unsupported by substantial evidence or against the weight of the evidence. *In re Marriage of Crow,* 103 S.W.3d 778, 783 (Mo. banc 2003) (*citing Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976)).

There is very little evidence to support the award of attorney's fees in this case. Most notably, we have no evidence of the

current financial resources of Mother. We do not know if Mother is working, what assets she has and why she is unable to pay her own attorney's fees. We know that Father is not working and is only receiving retirement and disability benefits. We have not been presented with evidence of any unusual circumstances warranting departure from Missouri's adoption of the American rule requiring each litigant to bear their own legal expenses. See *Feinberg v. Adolph K. Feinberg Hotel Trust,* 922 S.W.2d 21, 27 (Mo. App. E.D.1996). In sum, the award is not supported by substantial evidence and we cannot say that trial court properly exercised its discretion. The award is reversed.

### *Conclusion*

We reverse and remand for further proceedings, the part of the judgment that addresses reimbursement of funds collected pursuant to the wage assignment and Father's attorney fees; we reverse the part of the judgment that awards Mother attorney's fees; and, we affirm the judgment of the trial court with respect to the mootness of the motion to quash the wage assignment.

LAWRENCE E. MOONEY and BOOKER T. SHAW, JJ., Concurs.