Charles KUYKENDALL, Claimant–Respondent,

v.

GATES CORPORATION, d/b/a Gates Rubber Company, Employer–Appellant.

No. 28372.

Missouri Court of Appeals, Southern District, Division two.

Nov. 1, 2007.

Kenneth C. McManaman, Cape Girardeau, MO, for Appellant.

Michael Moroni, Cape Girardeau, MO, for Respondent.

NANCY STEFFEN RAHMEYER, Judge.

Gates Corporation, d/b/a Gates Rubber Company ("Appellant"), appeals a final decision of the Missouri Labor and Industrial Relations Commission ("the Commission"), issued February 15, 2007, granting a disability award to Charles Kuykendall ("Employee"). This is the second appeal arising from proceedings before an Administrative Law Judge ("ALJ") on December 10, 2004; this Court originally heard this case in *Kuykendall v. Gates Rubber Co.*, 207 S.W.3d 694 (Mo.App. S.D.2006) ("*Kuykendall I* ").

In this appeal, Appellant claims: first, that the Commission erred in awarding permanent partial disability of 15% of the body as a whole referable to myofascial pain because the award was not supported by the evidence in violation of section 287.495.1(3); and, second, the award is also in violation of section 287.495.1(4) because the Commission's findings of fact are against the overwhelming weight of the

evidence.[1] Both points rest on the same factual predicate, therefore, we conclude that Appellant is barred from raising these issues by the law of the case. The facts giving rise to the original claim are set out in length in *Kuykendall I;* therefore, we will not engage in a lengthy recitation of the facts. We will, however, review what has occurred since the original appeal.

■ On December 6, 2006, this Court issued an opinion which reversed the portion of the Commission's award that relates to the denial of any benefits for Employee's work-related disability resulting from myofascial pain in his shoulders. We found that Employee met his burden of proof relating to the myofascial pain in his shoulders by way of Dr. Eaton's testimony, which was not expressly contradicted by any credible expert witness. *Kuykendall I,* 207 S.W.3d at 711. In addition, there was no medical testimony that Employee's myofascial pain syndrome was caused by other activities. *Id.* In all other respects, this Court affirmed the award, which included 40% permanent partial disability for the right upper extremity at the level of the shoulder, 20% permanent partial disability to the left wrist, multiplicity and disfigurement. By mandate, issued December 22, 2006, this Court remanded the matter to the Commission with instructions to enter a new award recognizing a positive percentage disability resulting from Employee's myofascial pain in his shoulders at an amount to be determined by the Commission.

The Commission entered their opinion on February 15, 2007. The opinion of the Commission stated that, "we accept Dr. Eaton's opinion as to the extent of disability employee suffered as a result of work-related bilateral myofascial pain related to his shoulders. Accordingly, we award permanent partial disability of 15% of the body as a whole referable to the myofascial pain." This appeal followed.

■ The law of the case doctrine applies where there are successive adjudications arising from the same facts and issues. *Shahan v. Shahan,* 988 S.W.2d 529, 533 (Mo. banc 1999). The doctrine provides that a previous holding in a case constitutes the law of the case and precludes re-litigation of the issue on remand and subsequent appeal. *State v. Graham,* 13 S.W.3d 290, 293 (Mo. banc 2000); *Rodriguez v. Suzuki Motor Corp.,* 996 S.W.2d 47, 61 (Mo. banc 1999). " 'Generally, the decision of a court is the law of the case for all points presented and decided, as well as for matters that arose prior to the first adjudication and might have been raised but were not. *Graham,* 13 S.W.3d at 293; *Shahan,* 988 S.W.2d at 533.' " *Walton v. City of Berkeley,* 223 S.W.3d 126, 129 (Mo. banc 2007) (quoting *State ex rel. Alma Telephone Co. v. Public Service Com'n,* 40 S.W.3d 381, 388 (Mo.App. W.D. 2001)); *see also Williams v. Kimes,* 25 S.W.3d 150, 153–54 (Mo. banc 2000)). The purpose of the law of the case doctrine is to insure uniformity of decisions, protect the parties' expectations, and promote judicial economy. *Walton,* 223 S.W.3d at 131.

Appellant attempts to convince this Court that the issue presented for this second appeal is not the same issue that was ruled on in *Kuykendall I* by arguing that *Kuykendall I* dealt only with the issue of causation as it related specifically to the myofascial pain. It claims the extent of the injury was not determined by this Court. Appellant is correct that this Court did not determine the percentage of disability resulting from Employee's myofascial pain, but this Court did remand

---

1. All references to statutes are to RSMo 2000, unless otherwise specified.

with instructions that the Commission enter a "positive percentage disability resulting from [Employee's] myofascial pain." Appellant, in this appeal, requests this Court to review that determination again. Appellant's argument claims that there is no evidence of any injury to the left shoulder and, therefore, no disability to the body as a whole for myofascial pain. That issue has been litigated.

In *Kuykendall I*, Employee claimed that the Commission erred in finding his myofascial shoulder pain was not work related. We agreed. This Court specifically noted that the testimony of Dr. Eaton, who found 15% disability of the person as a whole due to myofascial pain, was "not specifically controverted," and while " 'acceptance or rejection of medical evidence is for the Commission ... and it is free to disbelieve uncontradicted and unimpeached testimony ... when a workers' compensation record shows no conflict in the evidence or impeachment of witnesses, 'the reviewing court may find the award was not based upon disbelief of the testimony of the witnesses.' " *Kuykendall I*, 207 S.W.3d at 711 (quoting *Houston v. Roadway Express, Inc.*, 133 S.W.3d 173, 179 (Mo.App. S.D.2004)). This was the precise action of this Court in *Kuykendall I*, and by holding as such, this Court specifically determined that the employee suffered a positive percentage, some amount above zero percent, of disability due to myofascial pain in his shoulders.

Appellant asks this Court to reconcile the medical testimony and the testimony of Employee by modifying the award to a positive percentage disability at the level of the right shoulder only. Appellant, therefore, asks this Court to find zero percent disability in the left shoulder. The law of the case doctrine, however, prevents this type of relief. This Court in *Kuykendall I* clearly made a determination that the overwhelming evidence presented, including Dr. Eaton's uncontroverted testimony, required an award of a "positive percentage disability resulting from claimant's myofascial pain in his shoulders." The Commission, in reviewing all of the testimony, could have concluded that there were different levels of pain in each shoulder resulting in a 15% body as a whole disability. We are not in a position to dispute that conclusion as there is absolutely no other evidence regarding a percentage of body as a whole injury. Because Appellant, in this appeal, is disclaiming any injury in the left shoulder, thereby precluding any body as a whole award to Employee, the law of the case controls. For these reasons, the law of the case doctrine prevents a review of Appellant's claims. The decision of the Commission is affirmed.

LYNCH, C.J., BARNEY, P.J., concur.