**George BROWN, Jr., Appellant,**

v.

**Bob SIMMONS, Danny Dodson, Janet Thomas and Rob Sharp, Respondents.**

**No. SD 30659.**

Missouri Court of Appeals, Southern District, Division Two.

Nov. 12, 2010.

Application for Rehearing or Transfer Denied Dec. 3, 2010.

George Brown, Jr., Anthony, NM, pro se.

A.M. Spradling, III, Cape Girardeau, MO, for Respondents.

WILLIAM W. FRANCIS, JR., Judge.

George Brown, Jr. ("Appellant") filed suit for damages against Bob Simmons, Danny Dodson, Janet Thomas and Rob Sharp ("Respondents") alleging multiple theories in tort. Appellant and Respondents filed separate motions for summary judgment before the trial court. The trial court denied Appellant's motion for summary judgment and sustained Respondents' motion for summary judgment. This appeal followed. We affirm.

## Factual and Procedural History

This is the second appeal involving these parties and litigation filed by Appellant. The first case was *Brown v. Simmons*, 270 S.W.3d 508 (Mo.App. S.D.2008) ("*Brown I* "). We borrow freely from that opinion without further attribution.

Appellant was incarcerated in the Pemiscot County Jail (the "Jail") in Caruthersville, Missouri, from January 19, 2006 through November 17, 2006, and during this time was under the care and supervision of Respondents. Bob Simmons was the Jail administrator; Danny Dodson was a correctional officer and emergency medical technician who dealt with medical requests and other matters involving Jail inmates; Janet Thomas was a correctional officer and shift supervisor; and Rob Sharp was a correctional officer. Appellant was being held in the Jail for the U.S. Marshal Service ("USMS") as a federal detainee.

In September 2006, Appellant filed a civil rights action in the United States District Court for the Eastern District of Missouri alleging that during his incarceration in Pemiscot County, Respondents willfully refused him adequate and prescribed medical care, denied him freedom of religion, and inflicted upon him cruel and unusual punishment by feeding him food to which he was allergic. In August 2007, the federal court issued an order requiring Appellant to pay the statutory filing fee. When Appellant failed to comply with that order, the federal court dismissed his claim pursuant to Rule 41(b) of

the Federal Rules of Civil Procedure "for failure to prosecute and failure to comply with a Court order." Appellant filed an appeal with the United States Court of Appeals for the Eighth Circuit, which issued a show cause order directed to Appellant in November 2007. Appellant did not respond to the show cause order, and the Eighth Circuit dismissed his appeal for failure to prosecute.

On November 5, 2007, Appellant filed a petition in Pemiscot County Circuit Court alleging the same underlying events as had been alleged in the action in the United States District Court. On February 19, 2008, Respondents filed a motion to dismiss the state case alleging *res judicata* barred the claim. Appellant filed objections to Respondents' motion to dismiss. The trial court sustained Respondents' motion to dismiss and entered a judgment dismissing Appellant's petition. Appellant's first appeal followed.

In *Brown I*, this Court noted when the parties introduced evidence beyond the pleadings, Respondents' motion to dismiss was converted to a motion for summary judgment. This Court held that Appellant's original action filed in federal court, which was dismissed under Rule 41(b), did not constitute an adjudication on the merits. Consequently, the trial court's decision sustaining the motion to dismiss on this basis was ordered reversed and the case was remanded for further proceedings.

After remand to the trial court, Appellant filed a "Motion Requesting Summary Judgment" on November 16, 2009. On December 3, 2009, Respondents filed "De-

fendants' Motion for Summary Judgment." Respondents' motion for summary judgment included affidavits by Janet Thomas, Danny Dodson and Jane Carter, as well as other documentary evidence supporting Respondents' motion for summary judgment.

After the motions for summary judgment were filed, and responses made thereto, the motions were called for hearing on January 15, 2010. On June 10, 2010, summary judgment was entered for Respondents and against Appellant, and Appellant's motion for summary judgment was denied. On June 21, 2010, Appellant filed this appeal.[1]

We are able to glean from Appellant's brief the following allegations of error:

1. The trial court erred in granting Respondents' motion for summary judgment because this Court's decision in *Brown I* was *res judicata* and precludes filing of a second motion for summary judgment; and

2. The trial court erred in denying Appellant's motion for summary judgment because the medical records he submitted proved "no reasonable juror could find in respondents['] favor nor disbelieve appellant's claims...."

Respondents contend the second motion for summary judgment was permitted by Missouri Court Rules[2] and Appellant did not demonstrate he was entitled to judgment as a matter of law.

*Point I: No Res Judicata Effect*

Appellant's first point contends the judgment in *Brown I* had a *res judicata*

---

1. Respondents filed a motion to strike Appellant's brief and dismiss the appeal for failure to comply with "Rule 84.04 of the Missouri Rules of Civil Procedure." While Appellant's brief does not meet every requirement of Rule 84.04, we find that it is not so deficient as to substantially impede our review and, *ex gra-*

*tia,* we will exercise our discretion and review the appeal on the merits. Respondents' motion is denied.

2. All rule references are to Missouri Court Rules (2010), unless otherwise indicated.

effect and barred Respondents' subsequent motion for summary judgment. Appellant does not contend the trial court improperly sustained Respondents' motion for summary judgment. Appellant simply argues that because *Brown I* held the prior motion to dismiss was converted to a motion for summary judgment and Respondents were not entitled to judgment as a matter of law based on that motion, the trial court's granting of Respondents' subsequent motion for summary judgment should have been barred by *res judicata* and, alternatively, the trial court should have been required to follow the decision already rendered. Therefore, we determine whether the judgment in *Brown I* had a *res judicata* effect and eliminated Respondents' ability to file a second motion for summary judgment on an expanded record.

### Standard of Review

■ Because a determination of *res judicata* necessarily depends upon proof of the prior judgment, we review that issue utilizing the same standards as a motion for summary judgment. *Spath v. Norris,* 281 S.W.3d 346, 349 (Mo.App. W.D.2009). Our review of a trial court decision granting summary judgment is *de novo. ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993). We give no deference to the trial court's ruling and view the record in a light most favorable to Appellant, as the party against whom summary judgment was entered. *Id.*

### Analysis

■ The doctrine of *res judicata* is based on the principle that a party should not be able to litigate a claim and then, after an adverse judgment, seek to relitigate the identical claim in a second proceeding. *Bolz v. Hatfield,* 41 S.W.3d 566, 569 (Mo.App. S.D.2001). *Res judicata* protects the adversaries of parties who

have had a full and fair opportunity to litigate their claim. *Id.* at 570. Significantly, *res judicata* can only be applied where a final judgment on the merits has been rendered involving the same claim sought to be precluded in the cause in question. *Vogt v. Emmons,* 158 S.W.3d 243, 247 (Mo.App. E.D.2005). A judgment on the merits is one rendered after argument and investigation and when it is determined which party is right, as distinguished from a judgment rendered upon some preliminary or technical point. *Johnson v. Missouri Board of Probation and Parole,* 92 S.W.3d 107, 112 (Mo.App. W.D.2003).

Here, an essential element for application of *res judicata* is missing. *Brown I only* addressed whether Appellant could file an identical state court action after having had a previous suit in federal court dismissed pursuant to Fed.R.Civ.P. 41(b). *Brown I* did not determine the merits of Appellant's tort claims against Respondents. The judgment in *Brown I* was a narrow decision that permitted Appellant to move forward in state court litigation after his federal court action was dismissed. Thus, there had been no final judgment on the merits as to Appellant's tort claims, and an essential element of *res judicata* is lacking.

■ Appellant also alleges that if *res judicata* does not bar the trial court's action, then the trial court must "stand by the decision already rendered by this court." However, a "subsequent motion for summary judgment based on an expanded record is permissible." *M & P Enterprises, Inc. v. Transamerica Financial Services,* 944 S.W.2d 154, 162 (Mo. banc 1997); *Cross v. Drury Inns, Inc.,* 32 S.W.3d 632, 636 (Mo.App. E.D.2000). "An order denying summary judgment is not final and is subject to later review by the

trial court." *M & P Enterprises,* 944 S.W.2d at 162.

The record reflects Respondents filed the second motion for summary judgment pursuant to Rule 74.04. The motion was accompanied by a memorandum of law and statement of undisputed facts, including affidavits and supporting exhibits. Respondents' second motion sought summary judgment based upon different reasons and an expanded record.[3]

We find Respondents' first motion to dismiss (converted to a motion for summary judgment) did not result in a *res judicata* effect and did not eliminate their ability to file a second motion for summary judgment on an expanded record. Appellant's first point is denied.

### Point II: Denial of Motion for Summary Judgment

 In Appellant's second point, he argues the trial court erred in denying his motion for summary judgment. The " 'denial of a motion for summary judgment is not subject to appellate review, even when an appeal is taken from a final judgment and not from the denial of a motion for summary judgment.' " *Hihn v. Hihn,* 235 S.W.3d 64, 67 (Mo.App. E.D.2007) (quoting *Gilmore v. Erb,* 900 S.W.2d 669, 671 (Mo. App. E.D.1995)). Since Appellant's second point challenges the denial of his summary judgment motion, we need not review this point.[4] Appellant's second point is denied.

The judgment of the trial court is affirmed.

SCOTT, C.J., and RAHMEYER, P.J., Concur.

---

3. We do not suggest that an expanded record is required for the trial court to consider a subsequent motion for summary judgment. It was necessary in this case because our decision in *Brown I* became the law of the case. *Kuykendall v. Gates Corp.,* 237 S.W.3d 249, 251 (Mo.App. S.D.2007).

4. In rare circumstances, "the denial of a party's motion for summary judgment can be reviewed when its merits are completely intertwined with a grant of summary judgment in favor of an opposing party." *Transatlantic Ltd. v. Salva,* 71 S.W.3d 670, 675–76 (Mo.App. W.D.2002). However, Appellant's motion for summary judgment did not clearly, and as a matter of law, rebut each affirmative defense asserted by Respondents, namely Respondents' affirmative defense of official immunity. *See Id.* at 676. Therefore, we find the merits are not "completely intertwined" with the grant of summary judgment and not subject to review.