**Harry LITTLE, Appellant,**

v.

**Ellis McSWAIN, Jr., Respondent.**

**No. ED 99201.**

Missouri Court of Appeals, Eastern District, Division Three.

April 9, 2013.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 9, 2013.

Application for Transfer Denied June 25, 2013.

Harry Little, St. Louis, MO, for appellant.

Chris Koster, Martha E. Ravenhill, Jefferson City, MO, for respondent.

ROY L. RICHTER, Judge.

Harry Little ("Appellant") appeals from the trial court's judgment granting respondent Ellis McSwain, Jr.'s motion for judgment on the pleadings and denial of Appellant's motion for summary judgment. Appellant sought to enjoin the chairman of the Missouri Board of Probation and Parole ("Respondent") from retroactively applying a sanction for Appellant's nonpayment of intervention fees, which offenders are required to pay when they are placed under parole supervision, as authorized by the legislative change in the parole law. We dismiss Appellant's appeal.

### I. Background

Appellant filed a petition for declaratory judgment and injunctive relief in June 2011 in the Circuit Court of the City of St. Louis. Alleging that he had been under parole supervision since 2002, Appellant claimed that the 2005 amendment to Section 217.690 was an unconstitutional ex post facto law as applied to parolees whose offenses and parole dates predated the amendment. The 2005 amendment authorized the Board of Probation and Parole ("Board") to require supervisees to pay a monthly fee toward the costs of supervision and permitted the levying of sanctions for nonpayment of those fees. Section 217.690.3. Accordingly, the Board promulgated regulations regarding the sanctioning of offenders who failed to pay the required fee, including written reprimand, travel restrictions, community service, increased level of supervision, and shock detention. 14 C.S.R. 80–5.020(1)(I)(6)(A)–(D). The regulations do not allow for sanctions unless nonpayment is willful, the offender has the ability to pay, and the offender does not qualify for any available waivers. 14 C.S.R. 80–5.020(1)(E), (H). Appellant's petition also sought a declaration that the sanctions for nonpayment were unconstitutional, although he did not claim that he, or anyone

similarly situated, had been sanctioned for nonpayment.

Respondent filed a motion for judgment on the pleadings and Appellant filed a motion for summary judgment. On December 29, 2011, the trial court entered its order and judgment denying Appellant's motion for summary judgment and granting Respondent's motion for judgment on the pleadings. Appellant filed a motion for reconsideration, upon which the trial court did not rule. Appellant timely filed his notice of appeal. This appeal follows.

## II. Discussion

In his sole point on appeal, Appellant alleges the trial court erred in denying his motion for summary judgment, in that the court erroneously declared and applied the law to make a proper determination on the constitutional claims brought by Appellant. Appellant contends the sanctions authorized by the modified parole regulations operate to change Appellant's prior parole status, place a disability on him with respect to a transaction and consideration already past, and give his prior parole status a different effect from that which it had when granted by the Board. Appellant further argues that the sanction's retroactive application operates to alter the violation of Appellant's parole and increase the measure of punishment for his original offense, in violation of Missouri's constitutional ban on laws retrospective in operation and the ex post facto clause of the United States Constitution.

As a general rule, the denial of a motion for summary judgment is not a final appealable order. *American Family Mut. Ins. Co. v. DesCamps*, 48 S.W.3d 105, 107 (Mo.App. W.D.2001). The " 'denial of a motion for summary judgment is not subject to appellate review, even when an appeal is taken from a final judgment and not from the denial of a motion for sum-

mary judgment.' " *Brown v. Simmons*, 335 S.W.3d 481, 486 (Mo.App. S.D.2010). In limited circumstances, "the denial of a party's motion for summary judgment can be reviewed when its merits are completely intertwined with a grant of summary judgment in favor of an opposing party." *Transatlantic Ltd. v. Salva*, 71 S.W.3d 670, 675–76 (Mo.App. W.D.2002).

Here, Appellant's motion for summary judgment argued that his required payment of $30 per month to Missouri's newly established Intervention Fee Program was a new condition attached to his parole, subject to penalty for noncompliance. Therefore, Appellant argued, Section 217.690.3 (2006) is retrospective and violates the ex post facto clause of the United States Constitution and Missouri's constitutional ban on retrospective laws. Respondent, on the other hand, argued in its motion for judgment on the pleadings, that the Missouri Supreme Court had already considered and rejected Appellant's claim in *Jackson v. Members of Missouri Board of Probation & Parole*, 301 S.W.3d 71, 71–72 (Mo. banc 2010). Because Appellant's motion does not rebut Respondent's motion, we find the merits are not "completely intertwined" with the grant of Respondent's motion for judgment on the pleadings and not subject to review. *See Brown v. Simmons*, 335 S.W.3d at 486 n. 4.

Appellant's point is dismissed for lack of a final judgment.

## III. Conclusion

The appeal is dismissed.

ROBERT G. DOWD, JR. P.J., and ANGELA T. QUIGLESS, J., concur.