**In re the Marriage of**

**Marilyn Jeanne CROSS, Appellant,**

v.

**David W. CROSS, Respondent.**

**No. 59329.**

Missouri Court of Appeals,
Eastern District,
Division Two.

July 23, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 29, 1991.

Application to Transfer Denied
Oct. 16, 1991.

Susan Kreher Roach, Chesterfield, for appellant.

Gregory S. Kessler, Daniel P. Card II, Clayton, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant seeks recovery of alleged arrearages pursuant to a mandate of this court awarding her temporary maintenance. The trial court quashed a garnishment filed by appellant to recover these funds, and she appeals the decision. This appeal is moot because the appellant released the garnishment. The suit is dismissed for lack of jurisdiction.

Parties in this case are litigants in a divorce action, originally filed in March of 1988. By an order *pendente lite* (PDL) issued by the trial court on February 27,

1989, respondent was ordered to pay appellant for child support, but appellant's motion for temporary maintenance was denied. Appellant appealed the decision and achieved a reversal of the denial of temporary maintenance. *Cross v. Cross,* 790 S.W.2d 928 (Mo.App., E.D.1990). A mandate was issued to this effect on March 21, 1990. The mandate did not state whether it was retroactive to the date of the PDL order.

Following receipt of the opinion and mandate from this Court, appellant filed a garnishment against respondent, claiming arrearages in maintenance from the period February 27, 1989, through March 21, 1990. Respondent filed a motion to quash this garnishment. The trial court determined that the date of this court's opinion, February 6, 1990, was the effective date of the order to pay temporary maintenance and quashed the garnishment.

Appellant appealed the trial court's determination but, during the pendency of the appeal and before the cause was actually submitted to this court, appellant voluntarily released the garnishment. Because there is no evidence to the contrary, the presumption that this release was both knowing and intelligent must stand as conclusive.

It is settled law that Missouri courts do not determine moot cases. *Duffe v. Zych,* 676 S.W.2d 70, 72 (Mo.App., E.D.1984); *State ex rel. Hooker v. City of St. Charles,* 668 S.W.2d 641, 643 (Mo.App., E.D.1984). A case is moot when some event occurs making it impossible for the reviewing court to grant relief. *Humphrey v. Humphrey,* 362 S.W.2d 92, 95 (St.L.Ct.App.1962). In this case, it is impossible for this court to grant effective relief, because there is no actual controversy. Appellant appeals an order quashing a garnishment, but has voluntarily withdrawn the garnishment upon which the appeal is based. The issue presented by this appeal is therefore moot.

There are only two narrow exceptions to the mootness doctrine: 1) If a case becomes moot after submission and argu-

ment, then dismissal for mootness is discretionary. *State v. Eyberg,* 671 S.W.2d 26, 28 (Mo.App., S.D.1984); and 2) If a case presents an issue which: (a) is of general public interest and importance; (b) will evade appellate review unless the court exercises its special jurisdiction; and (c) will recur, then dismissal for mootness is discretionary. *State ex rel. Southwestern Bell Telephone Co. v. Public Service Comm'n of Mo.,* 645 S.W.2d 44, 51 (Mo. App., W.D.1982).

Since the instant case fits neither of these narrowly construed exceptions, the mootness doctrine applies and, accordingly, appellant's appeal is dismissed.

CRIST and AHRENS, JJ., concur.