**Stephen P. SUGARBAKER, M.D., Appellant,**

v.

**SSM HEALTH CARE a/k/a SSM Health Care Systems d/b/a St. Mary's Health Center, a Missouri Corporation, Respondent.**

**No. WD 53062.**

Missouri Court of Appeals, Western District.

June 10, 1997.

G. Mark Sappington, Kansas City, Erwin Lance Milne, Jefferson City, for Appellant.

David Michael Harris, St. Louis, for Respondent.

Lori J. Levine, Jefferson City, for Missouri Hospital Association.

Before LOWENSTEIN, P.J., and SPINDEN and HOWARD, JJ.

HOWARD, Judge.

Stephen P. Sugarbaker, M.D., appeals from an order of the Cole County Circuit Court dismissing his petition against St. Mary's Health Center ("St.Mary's") for lack of subject matter jurisdiction. Dr. Sugarbaker alleged in his petition that St. Mary's committed a breach of contract by failing to comply with its Medical Staff Bylaws with respect to the peer review process which ultimately resulted in a decision by the St.

Mary's Board of Directors to restrict Dr. Sugarbaker's medical staff privileges. In conjunction with his petition, Dr. Sugarbaker also requested, and the court granted, a temporary restraining order ("TRO") enjoining St. Mary's from reporting its decision to the Missouri Board of Registration for the Healing Arts ("Board of Healing Arts") or to the National Practitioners Data Bank ("Data Bank"). Subsequently, the court granted St. Mary's motion to dismiss the petition and dissolve the TRO. Following the dismissal, St. Mary's reported the disciplinary action against Dr. Sugarbaker to the Board of Healing Arts. The Board of Healing Arts, in turn, communicated the report to the Data Bank.

Dr. Sugarbaker contends that the trial court erred in dismissing his petition for lack of subject matter jurisdiction. He raises four points in support of his contention. We elect not to address these points, however, because once St. Mary's communicated its decision to the Board of Healing Arts, the relief sought by Dr. Sugarbaker in his petition no longer was attainable, thereby rendering his petition moot.

## Factual and Procedural Background

Dr. Sugarbaker is a general surgeon practicing in Jefferson City, Missouri. Since 1994 he has enjoyed medical staff privileges at St. Mary's. In July, 1995, a Surgery Review Committee instituted a "precautionary summary suspension" of Dr. Sugarbaker's admitting and clinical privileges. Dr. Sugarbaker requested a hearing before an Ad Hoc Committee. The Ad Hoc Committee reviewed the case and recommended to the Medical Executive Committee ("MEC") that Dr. Sugarbaker's suspension be lifted. The MEC rejected the Ad Hoc Committee's recommendation. Instead, it recommended to the St. Mary's Board that the suspension be made permanent. Dr. Sugarbaker next appeared before an Appellate Review Committee ("ARC"). The ARC reported its recommendation, presumably against Dr. Sugarbaker, to the St. Mary's Board. On June 17, 1996, the St. Mary's Board voted to continue restrictions upon Dr. Sugarbaker's privileges at St. Mary's.

Under both Missouri and Federal law, hospitals are required to report disciplinary actions against physicians to the Board of Healing Arts. § 383.133 RSMo. (1994); Health Care Quality Improvement Act (HCQIA), 42 U.S.C. §§ 11133, 11134. In turn, the Board of Healing Arts is required to transmit the report to the Data Bank. 45 C.F.R. § 60.9(b). Health care facilities, before accepting applications for medical staff privileges, must request such reports from the Data Bank. 42 U.S.C. § 11135.

On June 18, 1996, fearing that his medical reputation was at stake, Dr. Sugarbaker filed a petition against St. Mary's for breach of contract in the Circuit Court of Cole County to prevent St. Mary's from reporting the disciplinary action to the Board of Healing Arts. In his prayer for relief, he specifically asked the trial court to "enter a temporary restraining order, preliminary injunction and permanent injunction enjoining and prohibiting St. Mary's from reporting any restrictions on Dr. Sugarbaker's privileges to the Board of Healing Arts or the Data Bank. . . ." In conjunction with his petition, Dr. Sugarbaker moved, *ex parte,* for a TRO to enjoin St. Mary's from "publishing, communicating, or delivering" any adverse report regarding his privileges to the Board of Healing Arts or the Data Bank. He alleged that the "[d]elivery of such report would result in irreparable harm to Dr. Sugarbaker, and foreclose any rights Dr. Sugarbaker has to prevent such harm." The court granted the TRO.

The following day, St. Mary's filed a motion to dismiss Dr. Sugarbaker's petition and to dissolve the TRO, arguing, among other things, that the court lacked subject matter jurisdiction to hear the case. The court, finding that it lacked subject matter jurisdiction, granted the motion to dismiss. By granting the motion to dismiss, the court also effectively quashed the TRO. St. Mary's, no longer subject to the TRO, proceeded to report to the Board of Healing Arts its decision to restrict Dr. Sugarbaker's privileges. The Board of Healing Arts in turn filed St. Mary's report with the Data Bank.

Dr. Sugarbaker next filed in this Court a petition for writ of mandamus, which we denied. This appeal followed.

## Mootness

Dr. Sugarbaker contends that the narrow issue on appeal is whether the court below had subject matter jurisdiction to determine whether he was entitled to injunctive relief as a result of St. Mary's alleged breach of its bylaws. The more pressing issue, however, is whether this case is moot because, as a general rule, appellate courts in Missouri do not decide moot cases. *Pope v. Howard,* 907 S.W.2d 257, 258 (Mo.App. W.D.1995); *Cross v. Cross,* 815 S.W.2d 65, 66 (Mo.App.1991). "A case is moot when some event occurs making it impossible for the reviewing court to grant relief." *Cross,* 815 S.W.2d at 66. St. Mary's contends that this case is moot because the very act which Dr. Sugarbaker's petition seeks to enjoin—the reporting of restrictions on his medical privileges at St. Mary's—already has occurred. We agree. The only relief Dr. Sugarbaker requested in his petition was injunctive relief "enjoining and prohibiting St. Mary's from reporting any restrictions on Dr. Sugarbaker's privileges at St. Mary's to the Board of Healing Arts or the Data Bank...." Since St. Mary's already has communicated the report, the relief sought in the petition no longer can be granted, even if we found that the trial court had subject matter jurisdiction.

Dr. Sugarbaker responds by arguing that the communication by St. Mary's to the Board of Healing Arts is a "continuous process" and that the restriction on his privileges is "continually being 'reported' to the Board of Healing Arts (and the Data Bank), unless and until such reporting is declared by St. Mary's to be 'void.' " This argument, however, is inconsistent with Dr. Sugarbaker's petition and his motion for a TRO wherein he claimed that the "[d]elivery of such report would result in irreparable harm ... and foreclose any rights Dr. Sugarbaker has to prevent such harm."

Finally, in a footnote, Dr. Sugarbaker reminds us that an appellate court has discretion to determine a moot case when it presents an issue of general public interest and importance which will evade appellate review and will likely recur. *Cross,* 815 S.W.2d at 66. This exception, however, is narrowly construed, and we are not convinced that this case would qualify. Therefore, we refrain from deciding the underlying merits of this case.

The appeal is dismissed for mootness.

All concur.