Carl D. KINSKY, Prosecuting Attorney
for Ste. Genevieve County,
Respondent,

v.

Carol A. STEIGER, Circuit Clerk
for Ste. Genevieve County,
Appellant.

No. ED 81972.

Missouri Court of Appeals,
Eastern District,
Southern Division.

June 24, 2003.

Jeremiah W. (Jay) Nixon, Atty. Gen., Matthew Briesacher, Asst. Atty. Gen., Jefferson City, for appellant.

Carl D. Kinsky, Ste. Genevieve, pro se.

Richard G. Steele, Cape Girardeau, amicus curiae.

LAWRENCE E. MOONEY, Chief Judge.

Carol Steiger, the circuit clerk of Ste. Genevieve County, appeals the trial court's grant of summary judgment in favor of Carl Kinsky, the same county's prosecutor, requiring that the clerk provide a copy of a trial transcript to the prosecutor. Because we find this case to be moot and not within the "public interest" exception to the mootness doctrine, the appeal is dismissed.

## FACTS AND PROCEDURAL HISTORY

Kinsky, as prosecutor, asked that Steiger, as circuit clerk, provide him with a copy of a trial transcript from a court file within her custody. The clerk refused to do so, informing the prosecutor that it was court policy that such a request for a transcript copy be referred to the court reporter that had transcribed it. After the prosecutor filed suit for a mandatory injunction against the clerk, the trial court granted summary judgment to the prosecutor upon the submitted record, commanding that the clerk provide the prosecutor with a transcript copy. Upon presentation of the court's judgment to the circuit clerk's office, the office surrendered the withheld transcript copy to the prosecutor. The clerk appeals the summary judgment that commanded her provision of the transcript copy to the prosecutor.

This court ordered that the clerk show cause why this matter is not moot. The clerk responded with her affidavit that the transcript copy had been provided by her staff when she was out of the office and without her knowledge. She further avers that there is a continuing controversy with the prosecutor over the trial court's policy of referring a request for a transcript copy to the court reporter who transcribed it. In support of her assertion that the issue is of a recurring nature, she cites to her refusal to provide the prosecutor with a transcript copy in another cause, and his resultant promise to institute a second lawsuit that would substantially mirror this one.

## ANALYSIS

"A threshold question in any appellate review of a controversy is the mootness of the controversy." *State ex. rel Reed v. Reardon*, 41 S.W.3d 470, 473 (Mo. banc 2001) (*quoting Armstrong v. Elmore*, 990 S.W.2d 62, 64 (Mo.App. W.D.1999)). In Missouri, it is well-settled that the courts do not determine moot cases. *Cross v. Cross*, 815 S.W.2d 65, 66 (Mo.App. E.D.1991). A moot case raises the issue of justiciability, and therefore courts may dismiss it *sua sponte. See State ex rel. Reed*, 41 S.W.3d at 473. A question is justiciable only where the judgment will declare a fixed right and accomplish a useful purpose. *Local Union 1287 v. Kansas City Area Transp. Auth.*, 848 S.W.2d 462, 463 (Mo. banc 1993). "When an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed." *Id.* (*quoting Armstrong*, 990 S.W.2d at 64).

The controversy in this case is moot. The prosecutor sought a copy of the trial

transcript in his suit. The clerk's office surrendered the copy after an adverse judgment was entered against her. Given these circumstances, it is impossible for this court to grant any effectual relief. Even if we decided the trial court erroneously granted summary judgment, it would provide the clerk no effectual relief since her office has already surrendered the contested transcript copy to the prosecutor. As Shakespeare would have it, "What's done cannot be undone." *Macbeth*, Act V, scene 1. This court cannot unring a bell and return the parties to the *status quo ante* her staff's compliance with the trial court's judgment. *See Buckner v. Burnett*, 908 S.W.2d 908 (Mo.App. W.D.1995) (suit brought under open-records statute for production of telephone records of state official was rendered moot by production of records after suit was filed); *see also State ex rel. Antonio v. Bank of Lee's Summit*, 676 S.W.2d 240 (Mo.1984) (state auditor's suit for production of bank records was rendered moot because auditor's office gained access to the records). The fact that the controversy was rendered moot by the clerk's own staff and apparently against her wishes may be a matter of some consternation to her. However, the focus of our inquiry is whether, given these circumstances, this court could grant effectual relief to the parties. Here no relief could be effected and the controversy is moot.

However, the clerk argues that this case falls within an exception to the mootness doctrine, providing this court with discretionary jurisdiction that should be invoked and exercised in her favor. Missouri recognizes only two narrow exceptions to the mootness doctrine. *See Cross*, 815 S.W.2d at 66. First, if a case becomes moot after argument and submission, then dismissal is within the discretion of the court. *Id.* The second exception to the mootness rule, which the clerk urges here, applies if a case presents an issue that (1) is of general public interest and importance, (2) will recur, and (3) will evade appellate review in future live controversies. *Id.* If the exception applies then dismissal of the case due to mootness is discretionary. *Id.* This second exception "is very narrow ... and if an issue of public importance in a moot case is likely to be present in a future live controversy practically capable of review, the 'public interest' exception does not apply." *In re Southwestern Bell Tel.*, 18 S.W.3d 575, 577 (Mo.App. W.D.2000) (*quoting State ex rel. County of Jackson v. Missouri Pub. Serv. Comm'n*, 985 S.W.2d 400, 403 (Mo.App. W.D.1999)).

This case does not, as the clerk argues, fall within the "public interest" exception to the mootness doctrine. The clerk advances no reason, nor do we perceive any, why this issue need evade review in a future live controversy. To the contrary, her affidavit belies her argument. The clerk's affidavit asserts that a second lawsuit has been threatened by the prosecutor as to another transcript copy. This convincingly demonstrates the probability of a future live controversy practically capable of review given that just such a lawsuit is not only likely, but also looming. Thus, in the instant case, the "public interest" exception does not apply.

Because the surrender by the clerk's office of the transcript copy deprives this court of any ability to grant any effectual relief, the case is rendered moot. And, since no exception to the mootness doctrine applies, the appeal should be, and is, dismissed.

LAWRENCE G. CRAHAN, J., and ROBERT G. DOWD, JR., J., concur.