The CITY OF MANCHESTER, Missouri, Respondent,

v.

Donald RYAN, Appellant.

No. ED 85862.

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 6, 2005.

Patrick C. Dowd, St. Louis, MO, for appellant.

Patrick R. Gunn, St. Louis, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

Donald Ryan, a former alderman of the City of Manchester, appeals the judgment granted to the City in his dispute over the City's policy governing closed meetings. However, because Ryan was defeated in his bid for reelection, we find the case to be moot and dismiss the appeal for lack of jurisdiction.

The City filed an action against Ryan seeking to determine the rights, obligations, and liabilities that existed between the City and Ryan regarding its alleged internal administrative policy governing the conduct of closed meetings of the City's Board of Aldermen. Ryan, then an elected alderman of the City, allegedly refused to comply with the policy and was excluded from such closed meetings. The trial court granted summary judgment to the City and dismissed Ryan's counterclaim, which also sought declaratory relief as to the City's alleged policy, as moot. Ryan appeals, challenging both the summary judgment granted to the City and the dismissal of his counterclaim. However, during the pendency of his appeal, Ryan lost his bid for re-election as an alderman. The City has filed a motion to dismiss Ryan's appeal as moot, asserting that, because Ryan is no longer an alderman, any controversy between the City and Ryan is moot. The motion is well taken, and we dismiss the appeal.

■■■ " 'A threshold question in any appellate review is the mootness of the controversy.' " *State ex rel. Reed v. Reardon,* 41 S.W.3d 470, 473 (Mo. banc 2001) *quoting Armstrong v. Elmore,* 990 S.W.2d 62, 64 (Mo.App.1999). " 'The existence of an actual and vital controversy susceptible of some relief is essential to appellate jurisdiction.' " *Id.* It is well-settled law in Missouri that courts do not determine moot cases. *Kinsky v. Steiger,* 109 S.W.3d 194, 195 (Mo.App. E.D.2003). " 'When an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed.' " *Reed,* 41 S.W.3d at 473 *quoting Armstrong,* 990 S.W.2d at 64; *Kinsky,* 109 S.W.3d at 195. " 'Even a case vital at inception of the appeal may be mooted by an intervening event which so alters the

position of the parties that any judgment rendered [merely becomes] a hypothetical opinion.'" *Reed*, 41 S.W.3d at 473 *quoting Armstrong*, 990 S.W.2d at 64.

Such is the case here. The election, with the resulting failure of Ryan to remain an alderman, is an intervening event that has rendered the controversy between the City and Ryan moot. Ryan argues that, because he has filed an election contest, the election is not final and, therefore, has not finally altered any of the parties' positions and cannot render the appeal moot. However, the mere pendency of an election contest does not suffice to render the controversy actual because Ryan is not presently a sitting alderman for the City. Nor does a controversy exist by virtue of Ryan's contention that the case involves the constitutional rights of the City's voters to equal representation at board meetings because any such rights are only imperiled if they are represented by an allegedly noncompliant alderperson, which is no longer the case. Rather, the action here, including the counterclaim, was between the City and Ryan, as one of the City's alderpersons. As even Ryan himself acknowledges and asserts, the case involves his aldermanic right to attend board meetings. Ryan, however, is no longer an alderman for the City. Thus, logically, his conduct in refusing to acknowledge and abide by the City's alleged policy is no longer an issue, and an actual controversy between the City and Ryan no longer exists.

■■■ Ryan argues the case, if found moot, nevertheless falls within the "public interest" exception to the mootness doctrine, providing this Court with discretionary jurisdiction to decide the case. Missouri law recognizes two narrow exceptions to the mootness doctrine that bestow discretionary jurisdiction on the appellate court to decide an otherwise moot issue. *McNeil–Terry v. Roling*, 142 S.W.3d 828, 832 (Mo.App. E.D.2004). The first exception occurs if a case becomes moot after argument and submission. *Id.* The second, "public interest," exception occurs if a case presents an issue that (1) is of general public interest and importance, (2) will recur, and (3) will evade appellate review in future live controversies. *Id.* "This second exception is 'very narrow . . . and if an issue of public importance in a moot case is likely to be present in a future live controversy practically capable of review, the 'public interest' exception does not apply.'" *Kinsky*, 109 S.W.3d at 196 *quoting In re Southwestern Bell Tel.*, 18 S.W.3d 575, 577 (Mo. App. W.D.2000). If an exception applies, then dismissal of a case for mootness is within the discretion of the appellate court. *McNeil–Terry*, 142 S.W.3d at 832.

■■■ The present case does not fall within either exception to the mootness doctrine. The first exception does not apply because the case became moot before argument and submission. The second exception does not apply because there is no reason to believe the issue will evade appellate review in future live controversies.[1]

---

1. Previously, this Court granted a motion to allow Robert Tullock, another alderman of the City, to intervene pursuant to Rule 52.12. However, upon further review, we conclude that Tullock is not entitled to intervene and we vacate our previous order as improvidently granted. We assume, for purposes of this appeal, that intervention on appeal is governed by Rule 52.12, a rule governing civil procedure in the circuit courts. Guided by the underlying principles of intervention at the trial-court level, we note that "an application for leave to intervene subsequent to trial is unusual and seldom granted." *Frost v. Liberty Mut. Ins. Co.*, 813 S.W.2d 302, 304 (Mo. banc 1991); *see also*, 37 A.L.R.2d 1306 § 12a (1954)(subject to certain limitations, e.g., exceptions made in the interest of justice,

Thus, the "public interest" exception does not apply for us to exercise our discretionary jurisdiction to reach the merits of this moot case.

Concluding, because Ryan is no longer an alderman for the City, the controversy is moot and no exception to the mootness doctrine applies. Accordingly, we dismiss this appeal for lack of jurisdiction. The case is remanded to the trial court with instructions to vacate the judgment and to dismiss the petition and counterclaim. *State ex rel. Chastain v. City of Kansas City*, 968 S.W.2d 232, 243 (Mo.App. W.D. 1998).

KATHIANNE KNAUP CRANE, P.J., and BOOKER T. SHAW, J., concur.

it is the general rule that intervention will not be allowed after a final judgment or decree has been entered). Post-judgment intervention is possible only if substantial justice requires intervention and if intervention would inflict no prejudice on any other party in the case. *City of Pacific v. Metro Development Corp.*, 922 S.W.2d 59, 62 (Mo.App. E.D.1996); *Frost*, 813 S.W.2d at 304. We conclude that intervention by Tullock is not possible here because substantial justice does not require his intervention. First, Tullock is not Ryan's successor in office, but was a sitting alderman who, although aware of the pending litigation, chose not to intervene in the trial court. Second, the summary-judgment record confirms that Ryan and Tullock's affidavits are not entirely consistent. Third, because we are vacating the trial-court's judgment, if Tullock and the City cannot resolve their differences, they are free to litigate their dispute without preclusion by this litigation.