

# In the Missouri Court of Appeals
## Eastern District
### DIVISION ONE

| | | |
|---|---|---|
| THE ST. LOUIS POLICE LEADERSHIP ORGANIZATION, | ) ) ) | No. ED101377 |
| | ) | Appeal from the Circuit Court |
| Appellant, | ) | of the City of St. Louis |
| | ) | |
| vs. | ) | Honorable David Dowd |
| | ) | |
| ST. LOUIS BOARD OF POLICE COMMISSIONERS, et al., | ) ) | |
| | ) | |
| Respondents. | ) | Filed: July 7, 2015 |

At the heart of this matter is a collective-bargaining dispute involving the St. Louis Police Metropolitan Police Department. Importantly, this dispute was pending when control of the police department transferred from the St. Louis Board of Police Commissioners to the City of St. Louis. We hold that the dispute between the between the parties is moot, and therefore dismiss the appeal.

### Factual and Procedural Background

In 2011, the St. Louis Police Leadership Organization, a labor organization, sought recognition as the exclusive collective-bargaining representative for two separate, proposed bargaining units: one comprised of commissioned officers of the St. Louis Police Department holding the rank of Lt. Colonel, Major, Captain, and Lieutenant (the "Command Staff" unit), and the other comprised of commissioned officers from the department holding the rank of Sergeant.

At the time, control and operation of the police department rested with the St. Louis Board of Police Commissioners.

The Board denied both requests, one in whole, the other in part. The Board declined to recognize the proposed Command Staff bargaining unit, finding such unit inappropriate because the positions at issue involved a high degree of supervisory authority, required confidentiality, and were integral to the decision-making process of the department.[1] The Board did not outright deny the proposed Sergeants' unit, but instead elected to exclude various Sergeant positions from the proposed unit because those positions involved high degrees of supervisory, managerial, and/or confidential work.[2] The Board made its determinations pursuant to Rule 13, a rule promulgated by the Board following the Missouri Supreme Court's decision in *Independence-Nat'l Educ. Ass'n v. Independence Sch. Dist.*, 223 S.W.3d 131 (Mo. banc 2007).[3] The rule set forth a written framework for the Board to engage in the collective-bargaining process with its

---

[1] Specifically, the Board found the proposed unit inappropriate because the positions:

> ... involve a high degree of supervisory authority, require confidentiality and are integral to the internal and external decision-making process for the St. Louis Metropolitan Police Department. In addition, the inclusion of [those] positions in a collective bargaining unit would create an irreconcilable conflict of interest within the Department.

[2] The Board found that while Sergeants in general monitor, supervise, and train subordinate officers, within the rank of Sergeant, various positions and assignments involved higher degrees of supervisory, managerial and/or confidential work than others. In particular, the Board found that Sergeants assigned to certain identified positions were regularly involved with the formulation and/or implementation of the department's policies, had a high level of supervisory authority, and regularly had access to and work with information regarding the department's labor and personnel matters. The Board found that the Sergeants in these positions would more appropriately represent the employer in the collective bargaining process due to the supervisory, managerial and confidential nature of the positions, and thus concluded that their inclusion in the proposed bargaining unit would create a conflict of interest. The Board therefore elected to exclude the various positions from proposed bargaining unit. Specifically, as stated in its letter to the organization, the Board elected to exclude:

> Sergeants assigned to Human Resources, Legal, the Police Board and those Sergeants in confidential positions (including the Chief's Office and under the command of any Lieutenant Colonel). Therefore, Sergeants assigned to the Chief's Office, the Board of Police Commissioners, the Human Resources Department, Internal Affairs Department, and the Legal Division are excluded from the bargaining unit. This includes Sergeants in the following assignments: Auxiliary Services, Bureau of Community Policing, Community Outreach, Criminal Investigation and Support, Human Resources, Intelligence Division, Internal Affairs, Professional Standards.

[3] The Missouri Supreme Court in *Independence* addressed the question of a public employer's responsibility to collectively bargain with public employees, such as police officers, who are otherwise excluded by Missouri public-sector labor law. The Court held that the provision in Missouri Constitution's bill of rights, Article I, Section 29, guaranteeing "employees" the "right to organize and to bargain collectively" applied to public employees as well as private-sector employees. *Independence*, 223 S.W.3d at 139.

2

police officers, including a framework for the establishment and recognition of appropriate bargaining units.

The labor organization initiated a declaratory-judgment action alleging that the Board's decisions violated the Board's obligation under Article I, Section 29 of the Missouri Constitution and the Missouri Supreme Court's mandate in *Independence*, to create a reasonable framework to allow the officers to exercise their right to bargain collectively through representatives of their own choosing. In the organization's view, the Missouri Constitution and Missouri Supreme Court precedent grant all public employees – not just some – the right to collectively bargain by and through representatives of their own choosing, regardless of whether their positions require a high degree of supervisory authority, confidentiality, or are integral to the internal and external decision-making process, or the belief that their inclusion in a bargaining unit would create an irreconcilable conflict of interest with the department. The labor organization requested the circuit court conduct its own hearing to review the issues and determine the facts, including, but not limited to: (1) a sufficient showing of interest by the commissioned officers holding the rank of Lt. Colonel, Captain, and Lieutenant to appoint the St. Louis Police Leadership Organization as their exclusive bargaining representative; (2) the appropriate scope of the bargaining unit that would include Lt. Colonels, Captains, and Lieutenants; (3) the appropriate scope of the bargaining unit that would include only Sergeants; (4) whether certain Sergeants should be excluded from the bargaining unit; (5) the framework the Board must establish with respect to its recognition of an appropriate bargaining unit; and (6) any and all other issues the court deemed just and necessary under the facts and circumstances of the case.

On September 1, 2013, while the action was pending in the circuit court and the parties were still briefing their respective positions, control of the St. Louis Police Department changed

3

from the Board to the City of St. Louis. Three months later, the circuit court heard oral arguments. During that hearing, the circuit court itself raised the issue of the change and inquired how dissolution of the Board impacted the case. Counsel for the labor organization argued that the city ordinance effecting the change spoke for itself, and that by that ordinance, the City had accepted the obligation for the consequences of the application of Rule 13.[4] Counsel for the Board, who was in private practice and was retained by the Board to represent its

---

[4] City of St. Louis Ordinance 694, cited by the labor organization, provides:

BE IT ORDAINED BY THE CITY OF ST. LOUIS AS FOLLOWS:

Pursuant to the terms and provisions of Section 83.344.4 of the Revised Missouri Statutes, the City hereby accepts responsibility, ownership, and liability as successor-in-interest for contractual obligations, indebtedness, and other lawful obligations of the board of police commissioners of the Police Department, effective September 1, 2013 or on such later date as may be established in subsequent City legislation.

Section 84.344.4 reads:

Before a city not within a county may establish a municipal police force under this section, the city shall adopt an ordinance accepting responsibility, ownership, and liability as successor-in-interest for contractual obligations, indebtedness, and other lawful obligations of the board of police commissioners subject to the provisions of subsection 2 of section 84.345.

Executive Order No. 48, signed by the Honorable Francis G. Slay, Mayor of St. Louis, provided the September 1, 2013 change-of-control date, and read:

WHEREAS, the Missouri Revised Statutes were amended to enable any city not within a county to establish a municipal police force on or after July 1, 2013 subject to certain statutory conditions; and

WHEREAS, the City of St. Louis, a city not within a county, has met the statutory conditions necessary to enable the establishment of a police force; and

WHEREAS, until now, law enforcement operations within the City of St. Louis were funded by the City of St. Louis but controlled and governed by a state agency; and

WHEREAS, by establishing its own municipal police force, the City of St. Louis will be able to control its own law enforcement services and related expenditures and will become responsible for its own public safety policies and administration; and

WHEREAS, there will be numerous long-term cost and operational efficiencies in having a municipal police force; and

WHEREAS, the City Charter at Article I Section 1 (21) states that the City shall have the power to provide and maintain a police department when permitted by law, and the City Charter at Article XIII Section 15 (a) states that when the city is permitted by law to establish and maintain a police department, such department shall be a division of the department of public safety;

NOW THEREFORE I, Francis G. Slay, Mayor and Chief Executive Officer of the City of St. Louis, do make the following Executive Order:

Effective September 1, 2013, there shall be established a municipal police division within the department of public safety for the purposes of:

Preserving the public peace, welfare and order; preventing crime and arresting suspected offenders; enforcing the laws of the state and the ordinances of the city; exercising all powers available to a police force generally under applicable state law; and regulating and licensing all private watchmen, private detective, or private policemen serving or acting as such.

4

interest, on the other hand, argued that the change rendered the case moot. He noted that if the court ordered the Board to act, it would be an order without a purpose or effect because the Board could not comply with the order because it no longer had power or authority to act. Counsel further emphasized that he did not have authority to speak for the City. The City never made an appearance in the case, nor was it substituted or added as a party.

The circuit court ruled against the labor organization. The court in its judgment did not mention the change in control, nor the effect of that change on the case. Rather, the court confined its discussion to the actions of the Board and the questions presented by the declaratory-judgment action about the appropriate scope of the Command Staff bargaining unit and whether certain Sergeants could be excluded from the Sergeants' bargaining unit. The court acknowledged that a public employer has a constitutional duty to bargain collectively with public employees, but then noted that the Missouri Supreme Court, in *Missouri Nat'l Educ. Assoc. v. Missouri State Bd. of Mediation*, 695 S.W.2d 894, 897 (Mo. banc 1985), held that the legislature did not intend for all persons on the public payroll to be considered employees for bargaining purposes, because in the course of labor relations, someone must act on behalf of and for the interest of the public employer. Next, the court noted that it is the responsibility of the public employer – the Board here – to exclude from an otherwise appropriate bargaining unit those employees, if any, whose duties involve acting directly or indirectly in the interest of the employer in relation to other employees. And lastly, the court noted that Missouri Supreme Court precedent recognizes that managerial, supervisory, and confidential employees may be excluded from the collective-bargaining process. The circuit court ultimately concluded that the organization had not shown that the Board's decision finding the Command Staff group an inappropriate bargaining unit, and its decision excluding certain Sergeants from the Sergeants'

5

bargaining unit, were not supported by competent and substantial evidence or that they were arbitrary, capricious, or unreasonable – the kind of showings that must be made to overturn the Board's decision. Accordingly, the circuit court denied the organization's request to appoint it as the exclusive bargaining representative of the proposed bargaining units and declined to substitute its judgment for that of the Board's by declaring the scope of an appropriate bargaining unit. The labor organization appealed to this Court.[5]

We ordered the parties to brief and orally argue the issue of mootness. Specifically, we asked the parties to address the following issues: whether the circuit court's judgment bound the City of St. Louis, whether the City should have been substituted for the board, and whether the appeal should be dismissed as moot. In those briefs, and at oral argument, the labor organization maintained that the case was not moot, and the decision binding on the City because the City had accepted responsibility, ownership, and liability as successor-in-interest for all lawful obligations of the Board by virtue of the state statute and city ordinance. In support, the organization pointed out that the City had used Rule 13 in another matter. The Board, as it did in the circuit court, argued that the case was moot because the change of control over the police department made granting effectual relief impossible. Counsel for the Board also made clear, as he did in the circuit court, that he did not represent the City. We kept the record open past oral arguments, to allow the parties additional time to file materials in support of their respective positions.

---

[5] On appeal, the labor organization maintained that the circuit court's rulings ran afoul of the Missouri Constitution and Missouri Supreme Court precedent, which the organization argued grant all public employees the right to collectively bargain by and through representatives of their choosing, regardless of whether or not they have supervisory authority. The Board, in response, argued that the case was moot, that the case was non-justiciable because the court could not grant the requested relief without violating Missouri's separation of powers, *Eastern Missouri Coalition of Police, Fraternal Order of Police, Lodge 15 v. City of Chesterfield*, 386 S.W.3d 755 (Mo. banc 2012), and that the organization's position was without merit because the Board's decisions were consistent with well-established Missouri Supreme Court precedent recognizing that managerial, supervisory, confidential employees may be excluded from the definition of employees for purposes of collective bargaining.

6

Filings were made, but conspicuously absent was anything from or about the City, its position on matters, or even that it was aware of the case.

## Discussion

"A threshold question in any appellate review of a controversy is the mootness of the controversy." *Kinsky v. Steiger*, 109 S.W.3d 194, 195 (Mo. App. E.D. 2003)(quoting *State ex rel. Reed v. Reardon*, 41 S.W.3d 470, 473 (Mo. banc 2001)). It is well-settled that the Missouri courts do not determine moot cases. *Kinsky*, 109 S.W.3d at 195. "A moot case raises the issue of justiciability, and therefore courts may dismiss it *sua sponte.*" *Id.* "A question is justiciable only where the judgment will declare a fixed right and accomplish a useful purpose." *Id.* (citing *Local Union 1287 v. Kansas City Area Transp. Auth.*, 848 S.W.2d 462, 463 (Mo. banc 1993)). "When an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed." *Kinsky*, 109 S.W.3d at 195 (internal quotation omitted).

The circuit court's inquiry into the mootness of the issue was well-placed. When the matter began, control of the police department, including collective-bargaining obligations and determining the appropriate scope of bargaining units, rested with the Board. But at the time the circuit court rendered judgment, the Board was dissolved and control over the police department rested with the City of St. Louis. Yet, the only parties before the court continued to be the labor organization and the Board. The circuit court lacked the necessary adversaries to create a justiciable controversy. If the circuit court proceeded and ultimately ordered action on the part of the Board, it could not effect compliance with its judgment because the Board no longer governed the police department. The circuit court could not grant effectual relief, and its judgment would accomplish no useful purpose. The dispute was moot.

The organization contends that because the City accepted responsibility for the Board's lawful obligations, including its constitutional obligation to collectively bargain with its employees, the City thus would be obligated to carry out any court order rendered in this case. Clearly the labor organization seeks to bind the City, not the Board, to the circuit court's judgment. It seeks to convert the circuit court's judgment about the Board's past actions and collective-bargaining obligations to one that binds the City and directs the City's conduct in the future. But the City had no voice in the circuit court's determination. Although by statute and city ordinance, the City accepted certain responsibilities as successor-in-interest, the transfer and succession to the Board's obligations occurred some three months prior to the circuit court's judgment. This litigation continued after the transfer, and it continued without any participation by the City.[6] The Board had no power to represent the City. Nothing in the statute and ordinance authorizes the Board to represent the City. Counsel for the Board made it abundantly clear that he did not and does not represent the City. The City was not substituted or added as a party. We generously held the record on appeal open to allow for additional filings, but have not

___

[6] We acknowledge that under Section 84.345.1, the Board may under certain circumstances continue to operate and litigate after the date of transfer. That section provides:

> Except as required for the board of police commissioners to conclude its affairs and pursue legal claims and defenses, upon the establishment of a municipal police force, the terms of office of the commissioners of the board of police created under sections 84.020 and 84.030 shall expire, and the provisions of sections 84.010 to 84.030 shall not apply to any city not within a county or its municipal police force as of such date. The board shall continue to operate, if necessary, to wind down the board's affairs until the transfer of ownership and obligations under subsection 2 of section 84.344 has been completed....

We find that this section and authorization for continued operation is directed to and limited to the transfer and winding down of the Board's affairs, and not the ongoing operation of the police department. We also acknowledge, but find inapplicable here, Section 84.345.2, which provides:

> For any claim, lawsuit, or other action arising out of actions occurring before [the date of transfer], the state shall continue to provide legal representation as set forth in section 105.726, and the state legal expense fund shall continue to provide reimbursement for such claims under section 105.726. This subsection applies to all claims, lawsuits, and other actions brought against any commissioner, police officer, employee, agent, representative, or any individual or entity acting or purporting to act on its or their behalf.

The state legal expense fund provides coverage for lawsuits brought against any state officer or employee for conduct arising out of and performed in connection with his or her official duties on behalf of the state. Section 105.726.

been provided anything even implying that the City was provided notice of this action. We may therefore presume that City received no notice. *See Derrick, Inc. v. Quigless*, 408 S.W.3d 323, 326 (Mo. App. E.D. 2013). No reason exists why the City was not provided notice and an opportunity to defend, both here and in the circuit court. We cannot countenance litigation that seeks to bind the City when the City was provided no opportunity to advocate for its own interests. To do so would fundamentally violate the due process the City is owed. *See Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)(noting fundamental requirement of due process is opportunity to be heard).

For the foregoing reasons, the court cannot grant effectual relief. The dispute before us is moot, and was moot prior to the circuit court entering judgment. Although Missouri recognizes two exceptions to the mootness doctrine, neither of those exceptions applies here.[7] We therefore dismiss the appeal and remand the cause to the circuit court with directions to vacate its judgment and dismiss the petition.[8]

_____
LAWRENCE E. MOONEY, PRESIDING JUDGE

CLIFFORD H. AHRENS, J., and
LISA VAN AMBURG, J., concur.

---

[7] Missouri recognizes two narrow exceptions to the mootness doctrine. First, if a case becomes moot after argument and submission, then dismissal is within the discretion of the court. The second exception – the "public interest" exception - applies if a case presents an issue that (1) is of general public interest and importance, (2) will recur, and (3) will evade appellate review in future live controversies. If the exception applies, then dismissal of the case due to mootness is discretionary. *Kinsky*, 109 S.W.3d at 196.

[8] We note that on June 2, 2015, the circuit court rendered a judgment affirming the decertification of the labor organization as the exclusive bargaining representative of those police officers holding the rank of Sergeant (those Sergeants who were not excluded by virtue of their assignment). *The St. Louis Police Leadership Organization v. City of St. Louis, Missouri*, Cause No. 1522-CC00212 (Circuit Court of the City of St. Louis, June 2, 2015). The parties did not notify this panel of this judgment. Rather, we discovered this judgment because the case is now on appeal to our Court. If this Court affirms the decertification judgment, this might have partially affected the viability of the dispute between the parties to this appeal if the dispute were not already moot for the reasons this Court has announced.

9