

# In the Missouri Court of Appeals
## Eastern District
### DIVISION THREE

| | | |
|---|---|---|
| MATTHEW S. GRZYBINSKI, | ) | No. ED101876 |
| | ) | |
| Petitioner/Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Charles County |
| vs. | ) | |
| | ) | Honorable Matthew E.P. Thornhill |
| DIRECTOR OF REVENUE, | ) | |
| | ) | |
| Respondent. | ) | Filed: January 12, 2016 |

The petitioner, Michael Grzybinski, appeals the judgment of the Circuit Court of St. Charles County sustaining the administrative suspension of his driver's license by the Director of Revenue. The petitioner asks this Court to order the suspension of driving privileges stricken from his record and the reinstatement of those privileges. Because the director had already expunged the administrative suspension from the petitioner's driving record, we hold the dispute between the parties is rendered moot, and therefore dismiss the appeal.

### Factual and Procedural Background

Trooper Angela Coval of the Missouri Highway Patrol received a dispatch to a one-car accident near Highway P and Guthrie Road in St. Charles County in the early morning hours of August 11, 2012. Upon arrival, Trooper Coval found a vehicle registered to Melissa Grzybinski lying on its side next to the road. Several witnesses described seeing a white teenaged male walking around the vehicle when they came upon the accident. The witnesses reported seeing no

one else, and a search of the area for anyone else involved proved fruitless. Witnesses also reported that another young man had taken the white teenaged male to the hospital.

Trooper Coval's investigation led her to St. Joseph's Health Center West where the petitioner, then age 18, was being treated for injuries consistent with a motor-vehicle accident. The petitioner admitted to driving "some of the way" and went on to acknowledge, "I remember driving down and yelled, 'Oh, my God, what's happening?'" He never named anyone else who was driving his mother's car. Trooper Coval smelled a strong odor of alcohol on the petitioner, and observed that his eyes were bloodshot. She performed a horizontal gaze nystagmus test on the petitioner, and based upon her observation of six out of six clues, placed him under arrest for driving while intoxicated.

On February 23, 2013, the director administratively suspended the petitioner's driving privilege for 90 days in accordance with Missouri's zero-tolerance policy for drivers under the age of 21. The suspension appeared on the petitioner's driving record as an "Administrative Zero Tolerance Suspension effective on 2-23-2013." The circuit court sustained the suspension on July 29, 2014 following a trial *de novo*. The petitioner appealed. The director expunged the administrative suspension of the petitioner's driving privilege from his driving record pursuant to section 302.545 RSMo. (Supp. 2013) prior to briefing, oral argument, and submission of this appeal. The petitioner conceded probable cause for his arrest at oral argument. He maintained his claim, however, that the trial court erred in admitting the results of his blood-alcohol test without the live testimony of the blood drawer. At oral argument, we ordered the parties to brief the issue of mootness.

*Discussion*

2

Section 302.545.1 provides in relevant part that any person who is less than 21 years of age, whose driving privilege has been suspended or revoked for a first determination that such person was driving with two-hundredths of one percent of blood-alcohol content, shall have the suspension or revocation expunged from all official records and recordations maintained by the Department of Revenue. The director shall perform the expungement without need of a court order either two years after the date of the suspension or revocation or when such person reaches age 21, whichever occurs first. Section 302.545.1. Here, the director expunged the administrative suspension from the petitioner's driving record in 2015 prior to briefing, oral argument, and submission of this appeal, and the suspension no longer appears on the petitioner's driving record.[1] Consequently, we hold that the petitioner's appeal is moot.

In any appellate review of a controversy, a threshold question is the mootness of the controversy. *St. Louis Police Leadership Org. v. St. Louis Bd. of Police Commissioners*, 465 S.W.3d 501, 506 (Mo. App. E.D. 2015). It is well-settled that Missouri courts do not determine moot cases. *Id.* A moot case raises the issue of justiciability, and courts may dismiss a moot case *sua sponte*. *Id.* A question is justiciable only when the judgment will declare a fixed right, and will accomplish a useful purpose. *Id.* "When an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed." *Id.* (quoting *Kinsky v. Steiger*, 109 S.W.3d 194, 195 (Mo. App. E.D. 2003)). Even a case vital at inception of the appeal may be mooted by an intervening event that so alters the parties' position that any judgment rendered merely becomes a hypothetical opinion. *City of Manchester v. Ryan*, 180 S.W.3d 19, 21-22 (Mo. App. E.D. 2005).

---

[1] We have closely scrutinized the petitioner's current driving record. We cannot find any entry recording the administrative suspension. Put simply, the entry that once appeared on the petitioner's driving record has been expunged.

Appellate courts must dismiss moot appeals except in two narrow situations. *In re J.T.S.*, 462 S.W.3d 475, 478 (Mo. App. W.D. 2015). The first is when the case becomes moot after submission and argument. *Id.* The second situation arises when the issue raised has general public interest and importance, and is likely to recur and will otherwise evade appellate review. *Id.* We narrowly construe these exceptions to mootness. *Id.*

The first exception does not apply because the director expunged the petitioner's driving record pursuant to section 302.545 in the first half of 2015, prior to briefing, oral argument, and submission. When a situation changes so that no relief can be granted because it has already been obtained, the Court will not go through the empty formality of determining whether the requested relief might have been granted. *Id.* at 479.

Nor does the second exception apply. The second exception, premised on the appeal's "public interest," occurs when a case presents an issue that: (1) is of general public interest and importance, (2) will recur, and (3) will evade appellate review in future live controversies. *City of Manchester*, 180 S.W.3d at 22. "This second exception is 'very narrow . . . and if an issue of public importance in a moot case is likely to be present in a future live controversy practically capable of review, the 'public interest' exception does not apply.'" *Id.* (quoting *Kinsky*, 109 S.W.3d at 196). Even if an exception applies, dismissal of the case lies within the appellate Court's discretion. *Id.*

In this case, we find no reason to believe the issue will evade appellate review in future live controversies. The director stated in her brief that approximately 1,000 petitions for trial *de novo* are filed each year challenging the director's administrative suspension of driving privileges. In any appropriate case, counsel for the petitioner is free to raise the claim of error advanced by the petitioner here, namely that the test results for the petitioner's blood-alcohol

4

content should not have been admitted into evidence without the live testimony of the blood drawer. This argument regarding foundational requirements for admission of these results is not limited to zero-tolerance cases subject to expungement such as this one. There will be ample opportunity for the appellate court to address this issue in other cases while the suspension of the petitioner's driving privilege remains on his or her record, when the court could possibly grant effectual relief. Consequently, the "public interest" exception does not empower us to exercise our discretionary jurisdiction to reach the merits of this moot case.

*Conclusion*

Because the administrative suspension had been expunged from the petitioner's driving record at the time of submission of this case, we are not able to grant the petitioner effectual relief. *See Smith v. Dir. of Revenue*, 139 S.W.3d 214, 215-16 (Mo. App. E.D. 2004)(dismissing appeal as moot because driver was eligible for reinstatement of full driving privileges at time of submission of case so that court could not grant director effectual relief). By virtue of the expungement pursuant to section 302.545, the petitioner has secured the very relief he seeks in this appeal—the removal of the administrative suspension from his driving record. Furthermore, neither exception to mootness applies. Therefore, we dismiss the appeal as moot.

_____
LAWRENCE E. MOONEY, JUDGE


ROBERT M. CLAYTON III, P.J., and
JAMES M. DOWD, J., concur.

5