Karen King Mitchell, Chief Judge *109 Michael Williams appeals the dismissal of his petition for declaratory judgment for failure to state a claim upon which relief may be granted. Williams, who was convicted and sentenced upon a guilty plea for felony driving while intoxicated, sought a declaration that the Department of Corrections (DOC) was required to place him in the long-term treatment program for chronic non-violent offenders. When he filed the declaratory judgment action at issue, he had a pending appeal in the Eastern District of this court regarding the denial of his Rule 24.035 motion for post-conviction relief. The State sought dismissal of Williams's declaratory judgment petition on two grounds: (1) he failed to identify a legally protectable interest and (2) he had an available adequate remedy at law through his post-conviction action. The trial court agreed and dismissed Williams's petition for declaratory judgment. Williams raises two points on appeal; he claims that his petition did identify a protectable interest and that he had no adequate remedy at law. After the briefs in this case were filed, the Eastern District handed down its opinion in Williams's post-conviction appeal, reversing the motion court's denial of his post-conviction motion on the ground that Williams's plea counsel provided ineffective assistance, rendering his plea involuntary. Based upon the disposition of Williams's post-conviction relief appeal, we find this case to be moot.
Analysis
"In any appellate review of a controversy, a threshold question is the mootness of the controversy." Grzybinski v. Dir. of Revenue , 479 S.W.3d 742, 745 (Mo. App. E.D. 2016). "It is well-settled that Missouri courts do not determine moot cases." Id. "A moot case raises the issue of justiciability, and courts may dismiss a moot case sua sponte. " Id. "A question is justiciable only when the judgment will declare a fixed right, and will accomplish a useful purpose." Id. "When an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed." Id. (quoting St. Louis Police Leadership Org. v. St. Louis Bd. of Police Comm'rs , 465 S.W.3d 501, 506 (Mo. App. E.D. 2015) ). "Even a case vital at inception of the appeal may be mooted by an intervening event that so alters the parties' position that any judgment rendered merely becomes a hypothetical opinion." Id.
In his post-conviction case, Williams "raise[d] two points on appeal": (1) he argued that "the motion court clearly erred in denying his motion for post-conviction relief when it sentenced Movant to [the long-term treatment program] without verifying his eligibility for the program" and (2) he argued that "the motion court clearly erred in denying his motion for post-conviction relief because plea counsel was ineffective in failing to verify that he was eligible for [the long-term treatment program] and in advising him to accept the plea agreement and enter a guilty plea."
*110 Williams v. State , ED105708, 2018 WL 2306687, at *3 (Mo. App. E.D. May 22, 2018). He further argued that, "because his plea rested upon the guarantee that he was being sentenced to [the long-term treatment program], the actions of the trial court and plea counsel rendered his plea involuntary." Id. The Eastern District of this court agreed with Williams and granted him relief:
Movant's claim that his guilty plea was involuntary based on the fact that he was misinformed about his eligibility for long-term treatment is supported by the record. Plea counsel failed to verify that Movant was eligible for [the long-term treatment program] in advising him to accept the plea agreement and enter a plea of guilty; therefore, Movant received ineffective assistance of counsel. In addition, because Movant's plea rested upon the guarantee that he was being sentenced to long-term treatment, his plea was unknowing and involuntary. The motion court clearly erred in denying Movant's Rule 24.035 motion for post-conviction relief.
Id. , 2018 WL 2306687, at *5.
As a result of the Eastern District's opinion in the appeal in Williams's post-conviction case, Williams's conviction and sentence have been vacated. Thus, the ultimate relief he seeks in his declaratory judgment action (placement in DOC's long-term treatment program) is no longer applicable as he has neither a conviction nor a sentence. "A cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy." Humane Soc'y of U.S. v. State , 405 S.W.3d 532, 535 (Mo. banc 2013) (quoting C.C. Dillon Co. v. City of Eureka , 12 S.W.3d 322, 325 (Mo. banc 2000) ). "When a situation changes so that no relief can be granted because it has already been obtained, the Court will not go through the empty formality of determining whether the requested relief might have been granted." Grzybinski , 479 S.W.3d at 745. Accordingly, Williams's declaratory judgment action has now been rendered moot. And "[w]hen an event occurs which renders a decision unnecessary, the appeal will be dismissed." Mo. Mun. League v. State , 465 S.W.3d 904, 906 (Mo. banc 2015) (quoting Humane Soc'y , 405 S.W.3d at 535 ). Consequently, this appeal is dismissed.