

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| CLAYMONT DEVELOPMENT, LLC, | ) | No. ED112285 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| v. | ) | Cause No. 08SL-CC03391 |
| | ) | |
| PATRICIA THIBEAULT, ET AL., | ) | Honorable Ellen H. Ribaudo |
| | ) | |
| Respondents. | ) | Filed: August 20, 2024 |

## Introduction

Appellant Claymont Development, LLC, appeals the trial court's judgment granting Respondents' motion for summary judgment on Appellant's claim for injunctive and declaratory relief. In a single point on appeal, Appellant alleges that the trial court erred in granting summary judgment because there remain three genuine issues of material fact: (1) whether Appellant has a vested legal right to develop Strecker Forest as a residential subdivision; (2) whether Appellant has demonstrated a continuing intention to develop Strecker Forest; and (3) whether Appellant's claims are moot. We affirm the judgment of the trial court.

## Factual and Procedural Background

In 1998, Appellant began a years-long saga, working with the City of Wildwood ("the City"), the Environmental Protection Agency ("EPA"), the Missouri Department of Natural Resources ("MoDNR"), consultants, and contractors, seeking approval to rezone and develop the

Strecker Forest property ("the Property") into a residential subdivision. In 2005, the City adopted ordinances rezoning the Property and approving Appellant's proposed subdivision. In October of 2007, the City Council approved Appellant's 2007 Site Development Plan; shortly thereafter, Appellant purchased the remaining land needed for development and applied to the City for permits to demolish two existing single-family homes, to grade and clear the home sites, and for approval of the plans and construction of their display home and plat. However, inspired by safety and environmental concerns, at the end of 2007, the City placed a moratorium ("Initial Moratorium") on the development of the Property until independent oversight committees could study the site. As such, the City refused to issue the permits sought by Appellant. No development activities had taken place as of the implementation of the Initial Moratorium.

In August of 2008, Appellant filed the three-count petition that led to this appeal. In Count I, Appellant asserted a vested right to develop the Property and requested that the court enjoin the City's enforcement of the 2007 development moratorium. In Count II, Appellant asked the court to compel the City to issue the development permits that they had applied for to carry out their 2007 Site Development Plan. In Count III, Appellant prayed for declaration that the 2007 Initial Moratorium on development was unconstitutional and illegal.

Since the filing of the initial petition, the development requirements of the various permitting authorities have changed. For example, as part of an EPA clean up action, Appellant and the EPA entered into an environmental covenant to restrict soil disturbance in a portion of the Property. In 2017, the Metropolitan St. Louis Sewer District's ("MSD") approval for the sanitary and stormwater elements of the 2007 Site Development Plan lapsed; by 2018, MSD had changed their regulations. In June of 2019, Appellant provided the City with a Revised Site Development Plan. The Revised Site Development Plan proposed fewer lots, eliminated the lake and retention

area, changed the street layout, added an expanded storm water area to comply with the new MSD regulations, and added an area for the environmental covenant. Because the Revised Site Development Plan differed from the 2007 Site Development Plan, the City informed Appellant that Appellant would need to submit the new plan for review and approval by both the City Planning Commission and the City Council. To date, Appellant has not done so.

Further, in November of 2019, the City Council passed Ordinance 2510, a temporary moratorium on development, likewise applicable to the review and approval of plans for development, which was to expire in November 2020 or automatically dissolve upon the adoption of regulations and standards consistent with the ordinance. Ordinance 2510 superseded the Initial Moratorium.[1] On November 9, 2020, the City Council adopted Ordinance 2569, creating and establishing regulations for a Special Circumstances Overlay District ("SCOD") in the City of Wildwood and dissolving Ordinance 2510. Since the dissolution of Ordinance 2510, there has been no moratorium on development at the Property. Lastly, in April of 2022, the City Council enacted Ordinance 2689, applying the SCOD to the Property. Ordinance 2689 explicitly affirmed that (1) the Initial Moratorium had been superseded by Ordinance 2510; (2) the temporary moratorium created by Ordinance 2510 expired on November 9, 2020; and (3) since the expiration of Ordinance 2510, there has been "no moratorium or other prohibition on the review and approval of plans and development for the Strecker Forest Site[.]"

This appeal follows entry of judgment in favor of Respondents on their second motion for summary judgment.[2]

---

[1] Appellant concludes that Ordinance 2510 did not supersede the Initial Moratorium. However, Appellant's conclusion is unsupported by any factual references or citations to legal authority and is thus insufficient to demonstrate a genuine issue of material fact. Mo. Sup. Ct. Rule 74.04 (2023).

[2] Respondents' first motion for summary, filed in July of 2020—prior to the passage of Ordinances 2569 and 2689—was denied.

**Standard of Review**

Review of an appeal from summary judgment is *de novo*. *Allen v. Cont'l W. Ins. Co.*, 436 S.W.3d 548, 551 (Mo. banc 2014). "Summary judgment is only proper if the moving party establishes that there are no genuine issues as to the material facts and that the movant is entitled to judgment as a matter of law." *Id.* at 551-52 (quoting *Goerlitz v. City of Maryville*, 333 S.W.3d 450, 452-53 (Mo. banc 2011) (abrogated on other grounds by *Glendale Shooting Club, Inc. v. Landolt*, 661 S.W.3d 778 (Mo. banc 2023))). "A material fact in the context of summary judgment is one from which the right to judgment flows." *Id.* at 552. "The record below is reviewed in the light most favorable to the party against whom summary judgment was entered, and that party is entitled to the benefit of all reasonable inferences from the record." *Id.* "[W]e will affirm a grant of summary judgment if the decision is correct 'under any theory supported by the record developed below and presented on appeal.'" *Switzer Living Trust v. Lake Lotawana Assoc., Inc.*, 687 S.W.3d 476, 482 (Mo. App. W.D. 2024) (quoting *Kesterson v. Wallut*, 157 S.W.3d 675, 679 (Mo. App. W.D. 2004)).

**Discussion[3]**

"In any appellate review of a controversy, a threshold question is the mootness of the controversy." *Grzybinski v. Dir. of Revenue*, 479 S.W.3d 742, 745 (Mo. App. E.D. 2016). "When the question presented seeks a judgment that would have no practical effect on an existing controversy, the matter is moot." *Mandacina v. Pompey*, 634 S.W.3d 631, 651–52 (Mo. App. W.D.

---

[3] Along with their brief, Respondents filed a motion to dismiss this appeal based on violations of Mo. Sup. Ct. Rule 84.04(c) and (d) (2023). Appellant filed a motion in opposition, and we took the motion with the case. This Court has "discretion to review noncompliant points gratuitously, overlooking the technical deficiencies in the points relied on, when the deficiencies do not impede review on the merits." *Shiffman*, 687 S.W.3d at 463 (citing *Lexow*, 643 S.W.3d at 506). In light of our policy to decide cases on their merits where technical deficiencies do not preclude meaningful review, *Fisher v. Slinger*, 634 S.W.3d 704, 707 (Mo. App. W.D. 2021), Respondents' motion to dismiss is denied.

2021) (citing *State ex rel. Chastain v. City of Kansas City*, 968 S.W.2d 232, 237 (Mo. App. W.D. 1998)). "An actual controversy susceptible of some relief must exist in order for this court to have jurisdiction." *Id*. (citing *State ex rel. Mo. Cable Television Ass'n v. Pub. Serv. Comm'n,* 917 S.W.2d 650, 652 (Mo. App. W.D. 1996)). "When an event occurs that makes a court's decision unnecessary or makes it impossible for the court to grant effectual relief, the cause is moot and generally should be dismissed." *State ex rel. Claudia Lee & Assocs., Inc. v. Bd. of Zoning Adjustment*, 297 S.W.3d 107, 111 (Mo. App. W.D. 2009).

Appellant's cause is moot. The expiration of the initial moratorium and its progeny renders a judgment as to the propriety of such moratoria unnecessary, and the changes to Appellant's Site Development Plan makes it impossible for this Court to grant effectual relief.

In Count I of their petition, Appellant asked the trial court to enjoin the enforcement of the Initial Moratorium. In Count III, Appellant asked the trial court to declare the same unconstitutional and unlawful. Appellant's Counts I and III are moot because the Initial Moratorium, as well as all of its progeny, have either expired or been explicitly repealed, leaving no moratorium on the review of plans for development or on development itself at the Property. As such, there remains no moratorium to be enjoined or declared unconstitutional and unlawful; any judgment rendered would be merely hypothetical. *See Adams v. City of Manchester*, 242 S.W.3d 418, 428 (Mo. App. E.D. 2007) (citing *City of Manchester v. Ryan*, 180 S.W.3d 19, 22 (Mo. App. E.D. 2005)). In Count II of their petition Appellant asked the trial court to compel Respondents to issue permits for their development activities. While Appellant has not included their permit application nor the denial of the permits in the legal file, Appellant has likewise failed to allege facts demonstrating that the approval of their 2007 Site Development Plan—the development plan under which Appellant applied for the permits—would entitle them to permits

5

to carry out their Revised Development Plan without properly submitting the Revised Development Plan for approval by the City Planning Commission and City Council. As such, Appellant's Count II is moot as well.

## Conclusion

For the reasons set forth above, the judgment is affirmed.

_____
Renée D. Hardin-Tammons, J.

Philip M. Hess, P.J., and
Gary M. Gaertner, Jr., J., concur

6